UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHADRIKA D.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. 3:20-cv-05762-BAT

**ORDER REVERSING DENIAL OF BENEFITS AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Plaintiff appeals denial of her application for Supplemental Security Income. She contends the ALJ erred in rejecting her testimony and a medical opinion, finding she did not meet a listed impairment, and determining she could perform jobs available in significant numbers in the national economy. Dkt. 12. In the alternative, Plaintiff requests remand to address new evidence. Dkt. 19. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**BACKGROUND**

Plaintiff is 36 years old, has a high school education, and has no past relevant work. Tr. 26. Plaintiff applied for benefits on March 24, 2017. Tr. 15. After conducting hearings in November 2018 and April 2019, the ALJ issued a decision finding Plaintiff not disabled. Tr. 33-

107; Tr. 15-27. In pertinent part, the ALJ found Plaintiff had the severe impairments of pes planus of the left foot (post-surgeries), migraine headaches, degenerative disc disease of the lumbar spine with sciatica, asthma, and essential hypertension. Tr. 18. The ALJ found Plaintiff's impairments restricted her to light work with a sit/stand option, occasionally operating foot controls with her left lower extremity. Tr. 21. With this residual functional capacity (RFC), the ALJ found Plaintiff could perform jobs such as merchandise marker, storage facility rental, and routing clerk. Tr. 27.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

**A.  Plaintiff's Testimony**

The ALJ could only discount Plaintiff's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo*, 871 F.3d at 678. The ALJ discounted Plaintiff's left foot pain testimony because her "condition improved" after surgeries and her other testimony because her other conditions "have been medically managed," as shown by "normal observations." Tr. 24.

    **1.  Improvement with Treatment – Left Foot**

Plaintiff's left foot impairment was treated with several surgeries during the relevant period. Plaintiff testified to foot pain and swelling throughout the time. Tr. 77, 90-94. The Commissioner relies on the testimony of medical expert John Kwok, M.D., to argue the surgeries successfully treated Plaintiff's symptoms. Dkt. 15 at 7-8. Dr. Kwok testified Plaintiff "underwent a procedure that was supposed to eliminate … the source of pain in flat feet. There

[are] no indications that there [were] any postoperative complications or deviation from what was desired from that operation present in this record." Tr. 68. However, Dr. Kwok did not discount Plaintiff's "subjective complaint of pain," and in fact noted the surgical hardware "can cause local irritation and therefore symptoms." Tr. 63, 60. While Dr. Kwok could not corroborate Plaintiff's reports of pain, his testimony did not contradict Plaintiff's symptom testimony. Accordingly, this was not a clear and convincing reason to discount Plaintiff's testimony.

### 2. Durational Requirement – Migraines

The Commissioner argues Plaintiff's migraines "failed to satisfy the 12-month durational requirement." Dkt. 15 at 8. But the ALJ found migraines a severe impairment, thus finding they met the durational requirement. Tr. 18. The Commissioner's *post hoc* argument fails.

### 3. Objective Medical Evidence – Back Pain

An ALJ may reject claimant testimony based on contradiction by medical evidence, but not for mere lack of support in the medical evidence. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting a claimant's subjective testimony."); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("lack of medical evidence cannot form the sole basis for discounting pain testimony"). Here, the ALJ generally found Plaintiff's symptom testimony "inconsistent with the medical evidence of record." Tr. 24. Regarding back impairments, the ALJ pointed to evidence before the relevant period, without explaining its significance, and a finding of steady gait and normal flexion, which did not contradict Plaintiff's reports of pain. Tr. 23.

The Commissioner points to two March 2018 physical examination findings of "no pain" in the low back. Tr. 929, 933. However, the same treatment notes reflect a diagnosis of

"lumbago with sciatica," for which was prescribed gabapentin as well as "low back pain exercises." Tr. 934 (capitalization removed). The ALJ did not interpret these records or refer to them at all. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 1995) (Court cannot rely on "*post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking."). Given the apparently conflicting diagnosis and treatment and the lack of any analysis by the ALJ, the Court cannot rely on unclear statements in the physical examination findings. This was not a clear and convincing reason to discount Plaintiff's back testimony.

### 4. Drug Seeking Behavior

An ALJ may reject a claimant's testimony when there is evidence of drug-seeking behavior suggesting the claimant exaggerated her symptoms to receive prescription pain medication. *See Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001). The ALJ identified two instances when Plaintiff requested pain medication. Tr. 23.

A March 2018 treatment notes states Plaintiff reported "sciatic back pain and want[ed] tramadol." Tr. 932-33. Describing this treatment note, the ALJ stated "providers recommended that she lose weight and referred her to orthopedics." Tr. 23 (citing Tr. 933). The Commissioner, describing the same note, states her doctor "referred her to physical therapy for back exercises." Dkt. 15 at 7 (citing Tr. 934). The treatment note does not reference orthopedics or physical therapy for back pain, but it does reference a prescription for gabapentin, a different pain medication. Tr. 934. This episode does not appear to reflect an inappropriate request for pain medication.

In April 2018, Plaintiff requested narcotics due to foot pain and was told the clinic typically only prescribed narcotics for acute fracture or post-operative pain. Tr. 23 (citing Tr. 951). The provider told Plaintiff "we are not trained to manage chronic pain and therefore do not

ORDER REVERSING DENIAL OF BENEFITS AND REMANDING
FOR FURTHER ADMINISTRATIVE PROCEEDINGS - 4

provide that service in this clinic." Tr. 951. This does not suggest Plaintiff's request for pain relief was inappropriate. Rather, the clinic was not a chronic pain management facility.

Substantial evidence does not support the ALJ's finding Plaintiff engaged in drug-seeking behavior.

In sum, the Court concludes the ALJ erred by discounting Plaintiff's testimony without a clear and convincing reason.

**B.     Treating Podiatrist Paul M. Scott, D.P.M.**

In July 2018, Dr. Scott listed diagnoses of "s[tatus] p[ost] surgery, PTTD, pes planus, [and] equinus" and opined, due to "pain from surgery" performed June 5, 2018, Plaintiff could not even perform sedentary work and would miss at least four days per month. Tr. 596. Dr. Scott opined these limitations existed since at least "5-16-17," although he wrote and crossed out "6-5-18" directly below. Tr. 596.

The ALJ could only reject Dr. Scott's opinion for "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). The ALJ gave Dr. Scott's opinions "little weight" because they appeared to be "based on surgery and post-surgical limits, which would not be expected to last 12 months." Tr. 25. The ALJ's finding is supported by substantial evidence. Dr. Scott described Plaintiff's symptoms as "pain following surgery" and relevant signs as "surgery on 6/5/18." Tr. 595. She would need to lie down "most of the day following surgery," and would have to elevate her legs due to "surgery." *Id*. Her condition causing pain was "surgery." *Id*. Plaintiff argues Dr. Scott "expressly opined" she had been severely limited since May 2017. Dkt. 12 at 8. Given Dr. Scott's express reliance on surgery as the cause of limitations, the ALJ reasonably concluded his answer about onset date was completely contradicted by his other answers.

1     The Court accordingly concludes the ALJ did not err by discounting Dr. Scott's opinions.

**C.     Testifying Medical Expert John Kwok, M.D.**

Plaintiff contends the ALJ erred by rejecting Dr. Kwok's limitation to three hours standing/walking in favor of a sit/stand option. Dkt. 12 at 9. The ALJ limited Plaintiff to "a sit/stand option, defined as the ability to change position after 30 to 60 minutes for 3 to 5 minutes while remaining on task." Tr. 21. The ALJ found this "accounts for [Dr. Kwok's] testimony [Plaintiff could only] stand/walk three out of eight hours." Tr. 25. Plaintiff contends this was error because the sit/stand option would "amount to 35 minutes of sitting at most (if she sat for 5 minutes every 30 minutes), as opposed to the five hours of sitting contemplated by Dr. Kwok." Dkt. 12 at 10. However, the sit/stand option as defined would allow many other possibilities. Plaintiff could sit for 60 minutes, then stand for 3 minutes, amounting to about 24 minutes of standing per day, substantially less than the three hours standing/walking limitation Dr. Kwok opined. Plaintiff has shown no harmful error.

**D.     Step Three, Listing 1.03**

Plaintiff contends the ALJ erred by finding "no evidence of an inability to ambulate effectively." Tr. 21.

Plaintiff contends she had pes planus of the right foot in addition to the left. The only evidence she references, however, is she had "pain in her right foot." Dkt. 12 at 11. A symptom is not sufficient to establish a medically determinable impairment. Moreover, Plaintiff fails to explain any relevance of her right foot condition to an inability to ambulate effectively. When she used a scooter or walking boot for her left foot, she used her right foot to ambulate.

The Commissioner argues the ALJ relied on Dr. Kwok's testimony stating the objective evidence did not support an inability to ambulate effectively. Dr. Kwok testified he "did not

consider [Plaintiff's] subjective complaints" of pain, because they were not "corroborated and supported by objective evidence." Tr. 68. Plaintiff contends Social Security regulations require the ALJ to consider pain in evaluating listings. Dkt. 12 at 13 (citing 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 1.00(B)(2)(a), (d)). The Commissioner argues Dr. Kwok's testimony was consistent with medical records showing Plaintiff could "ambulate independently." Dkt. 15 at 11 (citing Tr. 929, 933, 937, 940, 960, 984-88). Yet these records also indicate pain with walking, using a boot, and being "nonweightbearing." Tr. 966; *see also* Tr. 977 ("unable to stand normally"). And the ALJ did not reference any of these records in her one-sentence evaluation of inability to ambulate effectively. The ALJ also did not indicate whether she considered pain in accordance with the regulations.

The ALJ's conclusory finding of "no evidence" of an inability to ambulate effectively was not supported by substantial evidence. Tr. 21. Plaintiff's testimony, which the ALJ erroneously rejected, and treatment notes provided such evidence. On remand, the ALJ must address the evidence to determine whether Plaintiff's impairments met or medically equaled Listing 1.03.

**E.   Step Five**

Plaintiff argues her testimony and Dr. Scott's opinions establish she could not perform light work. However, the ALJ permissibly rejected Dr. Scott's opinions.

Plaintiff offers a lengthy argument against the ALJ's alternative finding there were sedentary jobs she could perform, but fails to explain how this Court could conclude, as a matter of law, she is limited to sedentary work. This Court cannot make independent findings based on the evidence before the ALJ. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015); *see*

*also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("[W]e cannot rely on independent findings of the district court. We are constrained to review the reasons the ALJ asserts.").

On remand, the ALJ must reevaluate Plaintiff's testimony and, if appropriate, reassess the RFC. If the ALJ formulates a different RFC, the ALJ will need to reconsider her findings at step five.

**F.     New Evidence**

Because the Court reverses the ALJ's decision and remands for reconsideration of Plaintiff's testimony, the Court need not address Plaintiff's argument in the alternative regarding new evidence. On remand, Plaintiff will have the opportunity to raise the issue before the ALJ.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall reevaluate Plaintiff's testimony, evaluate whether her impairments meet or medically equal Listing 1.03, reassess the RFC if necessary, and proceed to step five as appropriate.

DATED this 28th day of May 2021.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge